United States District Court
Southern District of Texas
**ENTERED**
March 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jennifer Rush<br>　　Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:26–cv–01293 |
| vs. | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| Manchac Roofing TX, LLC<br>　　Defendant. | §<br>§ | |

ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES

1. Counsel and all parties appearing *pro se* shall appear for an initial pretrial conference:

   **May 13, 2026, at 10:30 AM**
   Before the Hon. Charles Eskridge
   Courtroom 9F
   United States Courthouse
   515 Rusk Street
   Houston, TX 77002

2. Within **90 days** of filing the complaint or removing this suit from state court, the plaintiff or plaintiffs filing this suit or the party removing it must serve the opposing party or parties with copies of:

   o   This Order;
   o   The summons and complaint;
   o   The Court's procedures with all attachments.

   Failure to file proof of service within that time may result in dismissal by the Court on its own initiative. *See* FRCP 4(m).

3. Within **15 days** of receiving this Order, counsel for each party must file a list identifying all known attorneys of record and all persons or entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations. An individual listing is not necessary when a group description is effective disclosure. <u>Underline the names of corporations with publicly traded securities.</u> Promptly amend the list whenever new parties or counsel are added or additional interested persons or entities are identified.

4. At least **14 days** before the initial pretrial conference, counsel and all parties appearing pro se must complete and file the Joint Discovery/Case Management Plan using the form attached to the Court's procedures. See FRCP 26(f); see also Form 4 (attached).

5. Prior to the conference, the Court will typically enter a scheduling and docket control order. If none is entered, or if the parties will request a schedule different from one that has been entered, counsel must complete and file as an attachment to the Joint Discovery/Case Management Plan a joint proposed scheduling and docket control order using the form referenced in the Court's procedures. The parties must confer in good faith to seek agreement on deadlines for completion of all pretrial matters. Clearly identify any disagreements with reasons in support of the requests made.

6. By the day of the conference, counsel must interview their clients and read all relevant documents.

7. In advance of the conference, counsel must also discuss alternative dispute resolution with their clients and each other. At the conference, the Court will consider potential ADR methods suited to this case.

8. Counsel designated of record as attorney-in-charge must appear at the initial pretrial conference. The Court permits substitution of counsel for this conference only on showing of good cause. File and seek ruling on any such motion well in advance of the conference.

9. The Court may address any pending motion at the conference. Any counsel or pro se party who appears at the conference must be:

    - Fully familiar with the facts and the law applicable to the case;
    - Prepared to argue any pending motion and to discuss any anticipated motion;
    - Prepared to discuss potential alternative dispute resolution methods suited to the case; and
    - Authorized to bind the client on all matters discussed at the conference.

10. In any case set for an initial conference before the Magistrate Judge, she is granted authority (even when the case hasn't been entirely referred) in her discretion to:

    - Adjust the date of the conference as needed;
    - Adjust the scheduling and docket control order as needed;
    - Address and resolve and/or make recommendation upon any pending motion;
    - Undertake settlement conference upon joint request; and
    - Enforce all orders issued pursuant to his authority.

11. The parties are bound by this Order, the papers mentioned in paragraphs 4 and 5 above, and the dates set out in the scheduling and docket control order to be entered in this case.

12. Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of expenses.

BY THE ORDER OF THE COURT