**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JENNIFER RUSH, individually and on behalf of all others similarly situated** | § § | |
| **Plaintiff,** | § § | **CASE NO: 4:2619-CV-03176** |
| **V.** | § § § | |
| **MANCHAC ROOFING TX, LLC** | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANWSER TO PLAINTIFF'S CLASS ACTION COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendant Manchac Roofing TX, LLC ("Manchac Roofing") respectfully files this Answer to Plaintiff's Class Action Complaint.

### I. ANSWER TO INTRODUCTION

1.  Defendant denies Plaintiff's characterizations in paragraph 1 to the extent that it makes or implies allegations that Defendant violated the cited statutes and regulations.

2.  Defendant denies Plaintiff's characterizations in paragraph 2 to the extent that it makes or implies allegations that Defendant violated the cited statutes and regulations.

3.  Defendant denies paragraph 3 that there is or should be a class and that Plaintiff is representative or similarly situated to any others.

4.  Defendant denies paragraph 4.

### II. ANSWER TO PARTIES

5.  Defendant admits paragraph 5.

6.  Defendant denies that it is headquartered in San Antonio, Bexar County, Texas and that San Antonio is located within this District as alleged in paragraph 6.

### III. ANSWER TO JURISDICTION AND VENUE

7.      Defendant admits the allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

### IV. ANSWER TO STATEMENT OF FACTS

9.      Paragraph 9 contains legal arguments that are characterizations to which no response is required.

10.     Paragraph 10 contains legal arguments that are characterizations to which no response is required.

11.     Paragraph 11 contains legal arguments that are characterizations to which no response is required.

12.     Paragraph 12 contains legal arguments that are characterizations to which no response is required.

13.     Paragraph 13 contains legal arguments that are characterizations to which no response is required.  Defendant denies that it violated 47 U.S.C. § 227 giving rise to a private right of action.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24. Defendant admits that it placed phone calls and text messages to the number identified by Plaintiff only after receiving a verified lead requesting information regarding roofing estimates from a third-party referral service identifying the person as "Polly" with the number identified. Defendant's first text message contained the required language for "Polly" to opt out of receiving any further communications.

25. Defendant Admits the allegations in paragraph 25 and the call was made only after receiving a verified lead requesting information regarding roofing estimates from a third-party referral service.

26. Defendant Admits there were text messages that were sent only after receiving verified lead from a third-party referral service that "Polly" had requested information regarding roofing estimates and service. The first text contained the required language to opt out of or "end"

any further communications.  Defendant denies the timing of text messages as alleged in paragraph 26.

27.     Defendant admits the allegations of paragraph 27.

28.     Defendant admits that the example texts appear as they are.  Plaintiff has conveniently not included the first text as an example which includes the option to opt out of receiving any more texts messages.

29.     Defendant admits paragraph 30 to the extent the calls were for "Polly" as that was the name Defendant was given by the referral party.  Defendant lacks knowledge or insufficient information to form a belief as to whether the name "Polly" was unknown to Plaintiff as alleged in paragraph 30.

30.     Defendant denies the allegations of paragraph 30.

31.     Defendant denies the allegations of paragraph 31.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

## ANWSER TO CLASS ALLEGATIONS

35.     Paragraph 35 contains legal arguments to which no response is required.  To the extent that a response is required, Defendant denies the allegations of paragraph 35.

36.     Defendant denies paragraph 36 to the extent that it assumes there is or should be a class.  Defendant admits the category of people excluded.

37.     Defendant denies the allegations of paragraph 37.

38.     Defendant denies the allegations of paragraph 38.  Defendant does not engage in *en masse* marketing.

39.     Defendant denies the allegations of paragraph 39.

40.     Defendant denies the allegations of paragraph 40.

41.     Defendant denies the allegations of paragraph 41.

42.     Defendant denies the allegations of paragraph 42.

43.     Defendant denies that Plaintiff is entitled to damages or injunctive relief as alleged in Paragraph 43.

44.     Defendant denies the allegations of paragraph 44.

45.     Defendant denies the allegations of paragraph 45.

46.     Defendant denies the allegations of paragraph 46.

47.     Defendant denies the allegations of paragraph 47,

48.     Defendant denies the allegations of paragraph 48.

49.     Defendant denies the allegations of paragraph 49.

## ANSWER TO CAUSES OF ACTION

50.     No response is required to paragraph 50.  To the extent a response is required, Defendant repeats and incorporates the answers to the prior allegations.

51.     Paragraph 51 contains a legal argument to which no response is required.

52.     Paragraph 52 contains a legal argument to which no response is required.

53.     Paragraph 53 contains a legal argument to which no response is required.  To the extent that a response is required, Defendant denies that it violated 47 C.F.R. § 64.1200 (c).

54.     Paragraph 54 contains a legal argument to which no response is required.  To the extent that a response is required, Defendant denies that it violated 47 C.F.R. § 64.1200 (c) and (d).

55.     Paragraph 55 contains a legal argument to which no response is required.  To the

extent that a response is required, Defendant denies that it violated 47 U,S.C. § 227 (c).

56.    Defendant denies the allegations of paragraph 56.

57.    Defendant denies the allegations of paragraph 57,

58.    Defendant denies the allegations of paragraph 58.

## ANSWER TO DEMAND FOR RELIEF

59.    Defendant denies the allegations in Plaintiff's Prayer for Relief including subparts (a)-(j).  Defendant further denies that it is liable to Plaintiff for any relief.

## AFFIRMATIVE DEFENSES

60.    Defendant pleads the affirmative defense of implementing reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations of 47 U.S.C. §227.

61.    Defendant reserves the right to raise additional affirmative defenses as they become apparent in the development of this case.

62.    Defendant denies all allegations in the Complaint that have not been specifically admitted.

## JURY DEMAND

Defendant demands a trial by jury.

## CONCLUSION AND PRAYER

Defendant requests this Court:

(i)    Deny Plaintiff's request for a class;

(ii)    Enter a judgment for Defendant and against Plaintiff and dismiss Plaintiff's claims with prejudice;

(iii)    Award Defendant its costs;

(iv)    Such other and further relief to which Defendant may be entitled.

Respectfully submitted,

By:   */s/ R. Scott Wolfrom*
R. SCOTT WOLFROM
Wolfrom Law Firm
State bar No. 21871040
Federal ID No. 320510
wolfromlaw@mycci.net
8708 Technology Forest Place, Suite 175
The Woodlands, Texas 77381
(346) 589-4720 Telephone
(346) 229-1595 Facsimile

## CERTIFICATE OF SERVICE

I certify that on April 3, 2026, a true and correct copy of Defendant's Answer to Plaintiff's Class Action Complaint was served on Plaintiff's counsel electronically through the electronic filing manager.

*/s/ R. Scott Wolfrom*