**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JENNIFER RUSH, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br>v.<br><br>MANCHAC ROOFING TX, LLC<br><br>Defendant. | Case No. 4:26-cv-01293<br><br><br><br>**JURY TRIAL DEMANDED** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

The parties Jennifer Rush ("Plaintiff") and Manchac Roofing TX, LLC ("Defendant") submit the following report.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred pursuant to Federal Rule of Civil Procedure 26(f) on April 23, 2026, via telephone. The conference was attended by Anthony I. Paronich on behalf of Plaintiff and R. Scott Wolfrom of Wolfrom Law Firm on behalf of Defendant.

2. **Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The parties do not presently dispute jurisdiction

3. **Case Background**

This case arises from Defendant's alleged transmission of telemarketing calls and text messages to Plaintiff's cellular telephone number despite that number being listed on the

National Do-Not-Call Registry. Plaintiff alleges that Defendant initiated or caused multiple telemarketing communications without prior express consent in violation of 47 U.S.C. § 227(c) and its implementing regulations.

Defendant denies that it initiated or caused multiple telemarketing communications without prior consent and Defendant alleges that its communications complied with the foregoing statute and its implementing regulations.

The parties are not aware of any related cases pending in state or federal court.

The parties anticipate that certain factual issues may be narrowed through stipulation, including the identity of Plaintiff's telephone number, its registration on the Do-Not-Call Registry, and the dates and number of communications at issue.

Plaintiff brings this case as a proposed class action on behalf of individuals who received multiple telemarketing communications to numbers listed on the Do-Not-Call Registry within the relevant statutory period. The Defendant opposes class certification.

4. **Parties**

There are no unserved parties at this time.

Plaintiff may seek to add additional parties, including third-party vendors involved in telemarketing activities, depending on information learned in discovery. Defendant also may seek to add third-party defendants, if necessary.

No interventions are anticipated.

The parties will comply with the Court's requirement to file disclosures of interested persons.

5. **Discovery**

The parties will exchange initial disclosures pursuant to Rule 26(a) on May 6, 2026.

Plaintiff served written discovery, including interrogatories and requests for production, on April 6, 2026, and discovery is therefore already underway.

Discovery in this case will focus on Defendant's telemarketing practices, including the identity of vendors and dialing platforms, the sources of telephone numbers, the existence and documentation of consent, and Defendant's compliance policies and procedures.

The parties do not presently seek to modify the default limitations set forth in the Federal Rules of Civil Procedure but reserve the right to request additional discovery as needed, including with respect to third-party vendors and electronically stored information.

The parties will take reasonable steps to preserve all relevant information, including call logs, text message records, customer relationship management data, vendor communications, and dialing system records.

The parties do not currently identify any discovery disputes but anticipate that disputes may arise regarding third-party vendor data, call detail records, the scope of dialing system information, and the production of consent-related documentation.

6. **Orders**

The parties will submit a proposed scheduling and docket control order. The parties propose that fact discovery be completed by October 30, 2026, that expert reports be exchanged by November 30, 2026, and that class certification briefing be filed by December 30, 2026.

The parties anticipate submitting a proposed protective order to govern the exchange of confidential and proprietary information.

The parties anticipate that documents will be produced in PDF format, while structured data such as call logs will be produced in native format. The parties will confer further regarding any need for an ESI protocol.

7.  **Settlement**

The parties discussed the possibility of early resolution. Plaintiff is amenable to participating in mediation after the exchange of discovery sufficient to evaluate the scope of Defendant's telemarketing activities and the size of the putative class.

8.  **Trial.**

The parties do not consent to trial before a magistrate judge at this time.

Plaintiff has demanded a jury trial.

The parties estimate that trial will take approximately four days if the case proceeds on a class-wide basis and one to two days if it proceeds on an individual basis.

9.  **Pending Motions**

None.

10. **Other Matters**

The parties anticipate that this case will involve third-party discovery directed to vendors, dialing platform providers, and lead generators, as well as the production and analysis of electronically stored information, including call and text message data.

Dated: April 23, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

DEFENDANT, MANCHAC ROOFING TX LLC

By:

*/s/ R. Scott Wolfrom*
R. Scott Wolfrom
Wolfrom Law Firm
State bar No. 21871040
Federal ID No. 320510
wolfromlaw@mycci.net
8708 Technology Forest Place, Suite 175
The Woodlands, Texas 77381
(346) 589-4720 Telephone
(346) 229-1595 Facsimile