**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JENNIFER RUSH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MANCHAC ROOFING TX, LLC<br><br>Defendant. | Case No. 4:26-cv-01293 |

**JOINT STATUS REPORT**

Pursuant to the Court's October 27, 2026 Order (ECF No. 12), Plaintiff Jennifer Rush and Defendant Manchac Roofing TX, LLC submit this Joint Status Report concerning the status of this action and the further proceedings necessary to advance the case.

1. Plaintiff commenced this putative class action under the Telephone Consumer Protection Act on February 17, 2026. ECF No. 1. On March 16, 2026, the Court entered its Scheduling Order and Docket Control Order, establishing July 14, 2026 as the deadline to complete discovery related to class certification, August 13, 2026 as the deadline to move for class certification, and November 16, 2026 as the date for the class-certification hearing. ECF No. 8. Defendant answered the Complaint on April 3, 2026. ECF No. 9. The Parties subsequently submitted their Joint Discovery/Case Management Plan on April 23, 2026. ECF No. 10.

2. Following the commencement of discovery, a dispute developed concerning Defendant's production of classwide lead and communication records. Defendant did not produce the corresponding classwide text-message records from its Hatch platform. Those records are necessary to determine which telephone numbers received communications, when

those communications occurred, the contents of the communications, and whether the proposed classes satisfy the requirements of Federal Rule of Civil Procedure 23.

3. Plaintiff began raising these deficiencies in May 2026. Counsel corresponded concerning the outstanding discovery on May 13, May 20, May 27, June 8, June 15, June 22, July 12, July 16, July 23, July 28, July 30, August 5, August 28, and September 3, 2026. Counsel also conferred by telephone on May 27 and July 15, 2026, and discussed an extension on June 26, 2026. During the July 15 conference, Defendant's counsel agreed to investigate whether Defendant could obtain the outstanding Hatch and RingCentral records and provide an answer by July 23, 2026. Plaintiff memorialized that agreement in writing on July 16, 2026.

4. Defendant contends that the additional discovery seeks information that is not reasonably within the Defendant’s custody or control as it is with third parties who have not yet been added to this suit. Defendant has produced all responsive documents on its system. Further, Defendant contends that the additional discovery goes beyond class certification issues.

5. Despite the July 14, 2026 class-discovery deadline, the Parties continued attempting to resolve the outstanding discovery issues. Defendant supplemented its discovery responses and produced additional materials, including on August 20, 2026. Plaintiff accommodated Defendant's requests for additional time to investigate and supplement its production, with the expectation that the missing classwide information could be obtained without Court intervention. However, the complete Hatch records remained outstanding.

6. The August 13, 2026 deadline for moving for class certification passed without Plaintiff filing a motion or requesting a formal extension. Plaintiff acknowledges that an extension should have been sought. The failure to do so, however, was not an abandonment of class certification or a lack of diligence in prosecuting the action. Rather, Plaintiff was

continuing to pursue the discovery necessary to support class certification and was attempting to resolve the dispute without unnecessary motion practice. Plaintiff anticipated that the outstanding records would be produced or that the dispute would be resolved through the Court's discovery-dispute procedures, permitting Plaintiff to file a class-certification motion supported by a complete evidentiary record.

7. When the Parties were unable to resolve the dispute, Plaintiff invoked Section 15 of the Court's Procedures. Plaintiff submitted correspondence to the Court's case manager requesting assistance with the discovery dispute or authorization to file a motion to compel. Defendant submitted a written response on September 15, 2026.

8. Thus, the Parties had presented their respective positions concerning the discovery dispute to the Court through the informal procedure contemplated by the Court's Procedures. Plaintiff thereafter awaited further direction concerning resolution of the dispute. Plaintiff did not file a formal motion to compel because she had requested the Court's authorization to do so, consistent with those Procedures. The outstanding discovery remained material to Plaintiff's anticipated class-certification motion.

9. On October 27, 2026, the Court entered an Order observing that the August 13, 2026 class-certification deadline had passed without a motion being filed. ECF No. 12. The Court canceled the November 16, 2026 class-certification hearing and directed the Parties to submit a joint status report by November 4, 2026, identifying the further proceedings necessary in this action. *Id.*

10. Plaintiff respectfully submits that the procedural history demonstrates her continued diligence in pursuing class certification. Plaintiff timely pursued class discovery, repeatedly conferred with Defendant, accommodated additional time for production, and

ultimately submitted the unresolved dispute to the Court in September 2026. Although Plaintiff did not formally seek an extension of the class-certification deadline, that omission occurred while Plaintiff was actively attempting to secure the discovery necessary to file the motion and while awaiting resolution of the dispute submitted to the Court. Plaintiff respectfully requests that the Court permit the action to proceed to a determination of class certification on the merits rather than dismissing the action based on the missed deadline.

11. Defendant contends that the discovery was sufficient for class certification purposes and opposes the extension of the class certification deadline and opposes the certification of a class.

12. Plaintiff is prepared to move for class certification promptly upon receiving the outstanding classwide communication records. Plaintiff does not seek an indefinite extension or additional discovery unrelated to class certification. Rather, Plaintiff seeks the information previously requested concerning Defendant's communications through Hatch and the associated lead records necessary to identify the recipients and evaluate the proposed classes. Plaintiff anticipates that, once this information is produced, she can complete her class-certification motion without substantial additional delay.

13. To move this action forward, Plaintiff proposes that the Court resolve the outstanding discovery dispute through a conference or authorize Plaintiff to file a motion to compel. Plaintiff further proposes that Defendant be directed to produce the outstanding classwide Hatch records and associated lead information within fourteen (14) days of the Court's resolution of the dispute, or within such other period as the Court deems appropriate.

14. Plaintiff further requests that the Court modify the Scheduling Order to permit Plaintiff to file her motion for class certification within thirty (30) days after Defendant

completes production of the outstanding class-certification discovery. Plaintiff submits that this limited extension, tied directly to production of the records at issue, would allow the case to proceed efficiently and permit the Court to consider class certification on a complete record.

15. The Parties submit this report in compliance with the Court's October 27, 2026 Order. Plaintiff respectfully requests that the Court decline to dismiss the action, establish a procedure for resolving the outstanding discovery dispute, and reset the class-certification deadline as proposed above.

.

Dated: November 4, 2026

**PLAINTIFF, individually and**
**on behalf of others similarly situated,**

By:

*/s/ Anthony I. Paronich*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

**DEFENDANT**

By: */s/ R. Scott Wolfrom*

R. SCOTT WOLFROM
Wolfrom Law Firm
State bar No. 21871040
Federal ID No. 320510
wolfromlaw@mycci.net
8708 Technology Forest Place, Suite 175
The Woodlands, Texas 77381
(346) 589-4720 Telephone
(346) 229-1595 Facsimile